Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

October 14 2026
Joshua C. Lewis
By ______________ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JAMES CODY BRYANT,<br>Defendant. | NO. CR26-196 KKE<br><br>**INDICTMENT** |

The Grand Jury charges that:

**COUNT 1**

**(Conspiracy to Murder Persons in a Foreign Country)**

Beginning in or before August 2025, and continuing until on or about February 10, 2026, in Whatcom County, within the Western District of Washington, and elsewhere, JAMES CODY BRYANT knowingly and willfully conspired with another person, namely, J.V.R., and others known and unknown, to commit at a place outside of the United States, that is, Canada, an act that would constitute the offense of murder if committed in the special maritime and territorial jurisdiction of the United States.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

During and in furtherance of the conspiracy, while in the Western District of Washington, JAMES CODY BRYANT committed one or more of the following overt acts, among others, to effect an object of the conspiracy, that is, for J.V.R. to murder persons in Canada and then broadcast the killings over the internet for the public to view:

1. In or about August 2025, at J.V.R.'s request, Bryant agreed to record J.V.R.'s livestream of the planned murders and post it over the internet for the public to view.

2. On or about August 30, 2025, Bryant assisted J.V.R. in testing the quality of the livestream that J.V.R. intended to make of the planned murders. Bryant assured J.V.R. that it "looks solid."

3. On various occasions, Bryant gave J.V.R. tactical advice as to how to carry out the murders. For example, on or about August 8, 2025, while discussing possible target locations for the murders, Bryant told J.V.R.: "Hallways also mean a lot of ways people can escape. Corners to turn. Wide open spaces means numbers." On or about August 26, 2025, Bryant advised that J.V.R. "should have a handgun . . . this is smart." J.V.R. agreed that J.V.R. could "cause a lot of damage this way," and Bryant stated: "[Yeah], you've got solid plans."

4. On or about January 4, 2026, Bryant assisted J.V.R. in conducting a test-run of the livestream that J.V.R. intended to make of the planned murders. Bryant viewed the livestream and confirmed for J.V.R.: "It works. I saw your lighter."

5. On or about January 25, 2026, Bryant sent $14.33 via PayPal to J.V.R. intending for J.V.R. to use the funds to purchase a lighter that would be affixed to an explosive device that J.V.R. planned to detonate during the murders.

6. On or about February 10, 2026, moments before J.V.R. began carrying out the murders, Bryant accessed J.V.R.'s livestream for the purpose of recording and broadcasting it. J.V.R. told Bryant, "I'm going now. Fr [for real]. Live. I shot them. Fuck." Bryant confirmed that Bryant was "watching now" and shortly thereafter told J.V.R. that the stream went down.

//

//



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. On various occasions, Bryant discussed with J.V.R. the need to conceal the murder conspiracy. For example, on or about August 11, 2025, Bryant stated: "I think we should find a way to delete all our messages." On or about December 12, 2025, Bryant mentioned "need[ing] to get a VPN" to avoid "get[ting] in trouble [for] posting a shooting video online."

All in violation of Title 18, United States Code, Section 956(a)(1) and (a)(2)(A).

## FORFEITURE ALLEGATION

The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of the offense alleged in Count 1, JAMES CODY BRYANT shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds traceable to the offense.

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be divided without difficulty;

///

///



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

it is the intent of the United States to seek the forfeiture of any other property of the defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

DATED: 10-14-2026

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.*

FOREPERSON

For

SARAH Y. VOGEL
Criminal Chief Assistant United States Attorney

For

TODD GREENBERG
Assistant United States Attorney



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970