Judge Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAMES CODY BRYANT,<br>Defendant. | NO. CR26-196 KKE<br><br>DISCOVERY PROTECTIVE ORDER |

This matter, having come to the Court's attention on the parties' joint motion for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, pursuant to Fed. R. Crim P. 16(d)(1), hereby enters the following PROTECTIVE ORDER:

1. **Production of Discovery Materials to the Defense**. The United States will make available copies of the discovery materials directly to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials (except records provided by Discord) is limited to attorneys of record, their office staff, investigators, paralegals, assistants, and law clerks, as well as necessary third-party vendors, consultants, and/or experts (hereinafter collectively referred to as

"members of the defense team"). At all times, members of the defense team shall be subject to the terms of this order. Further, the attorneys of record are required to make available, prior to disseminating any copies of the discovery materials to members of the defense team, a copy of this Protective Order to members of the defense team.

2. **Restrictions on use with Artificial Intelligence Tools.** The discovery materials shall not be loaded into an artificial intelligence (AI) tool or model, generative or not, where rights to the data are retained by any party that has not explicitly agreed to be covered by the protective order.

3. **Review of Discovery Materials by Defendant**. The attorney(s) of record and members of the defense team may share and review the discovery materials with Defendant. If Defendant is in custody at the Federal Detention Center (FDC), Defendant will be permitted to review the discovery materials, consistent with the regulations established by the BOP, with or without counsel, in a controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying, disseminating, or otherwise retaining the discovery materials. If Defendant is on pretrial release, Defendant will be permitted to review the discovery materials at the offices of defense counsel, or with the defense team via videoconference using the "screen share" function, but will be prohibited from screenshotting, photographing, or capturing the discovery materials in any manner, and will be prohibited from printing out, copying, or disseminating the discovery materials.

4. **Limits on Dissemination of Discovery Materials**. The attorney(s) of record and members of the defense team acknowledge that providing copies of the discovery materials to Defendant and other persons is prohibited and agree not to duplicate or provide copies of the discovery materials to Defendant and other persons. Members of the defense team, defendants, and any others to whom disclosure of the content of discovery materials may be necessary to assist with the preparation of the defense, shall not disclose the discovery materials or its contents, other than as necessary

for the preparation of defenses at trial and in subsequent legal proceedings, if necessary. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the discovery materials to members of the United States Attorney's Office, law enforcement agencies, witnesses, and the Court and defense as necessary to comply with the government's discovery obligations.

5. **Use of Discovery Materials in Court**. Any discovery materials that are filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents. The parties shall make every effort to file appropriate discovery materials publicly by complying with the provisions of Federal Rule of Criminal Procedure 49.1 and Local Criminal Rule 49.1.

6. **Non-Termination**. The provisions of this Order shall not terminate at the conclusion of this prosecution. Furthermore, after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, defense counsel shall destroy the discovery materials. If defense counsel finds that retention of the discovery materials in their possession is necessary for authorized reasons, such as professional or ethical obligations, defense counsel shall retain the discovery materials in their case file subject to the restrictions of this Order.

7. **Violation of Order**. Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

8. **Modification of Order**. Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment

obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

9. **No Ruling on Discoverability or Admissibility**. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on a potential objection to the discoverability of any material.

10. **No Ruling on Timing of Production**. This Protective Order does not require the Government to provide particular discovery at a time or in a fashion inconsistent with applicable law. Nothing in this order should be construed as imposing any substantive discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.

11. **Addition of Defendants after Entry of Order**. This Protective Order will cover additional defendants in this case so long as they agree to be bound by the terms of this Protective Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as an addendum or supplement to this Protective Order.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 22nd day of October, 2026.

Kymberly K. Evanson
United States District Judge